COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


HENRY A. REED T/A REED CONSTRUCTION

v.   Record No. 2663-96-2                    MEMORANDUM OPINION[*]
                                                PER CURIAM
ROGER DALE FISHER, SR.,                       APRIL 1, 1997
 TIM LAMBERT T/A LAMBERT CONSTRUCTION,
 AUTO OWNERS INSURANCE COMPANY AND
 CRITTENDEN ADJUSTMENT COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (William T. Fitzhugh; Beddow, Marley &
            Associates, on briefs), for appellant.

            (B. Mayes Marks, Jr., on brief), for appellee
            Roger Dale Fisher, Sr.

            (Mark M. Caldwell, III; Sands, Anderson,
            Marks & Miller, on brief), for appellees Tim
            Lambert t/a Lambert Construction, Auto Owners
            Insurance Company and Crittenden Adjustment
            Company.


     Henry A. Reed t/a Reed Construction (employer) contends that

the Workers' Compensation Commission (commission) erred in

finding Roger D. Fisher, Sr. (claimant) proved he was totally

disabled from August 8, 1995 through September 1, 1995 and from

September 14, 1995 and continuing.[1]  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

     [1]Claimant conceded before the commission that he attempted
to work during the first two weeks in September 1995, and he
waived his claim for benefits for these two weeks.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Dr. Mohamed Tawfick's medical records and his February 28, 1996 responses to claimant's counsel's written questions provide ample credible evidence to support the commission's decision. Dr. Tawfick treated claimant from August 8, 1995, the date of his work-related accident, through December 7, 1995. In responding to counsel's questions on February 28, 1996, Dr. Tawfick stated that he had taken claimant out of work during the course of his treatment. In addition, Dr. Tawfick stated that as of February 28, 1996, he had not released claimant to return to work. Employer presented no medical evidence to dispute Dr. Tawfick's opinions. In addition, based upon claimant's testimony, the commission could infer that claimant did not return to Dr. Tawfick after December 7, 1995 because employer had denied the claim, and claimant had no resources with which to seek medical treatment.

Because Dr. Tawfick's undisputed medical records and opinions provide credible evidence to support the commission's finding that claimant was totally disabled from August 8, 1995 through September 1, 1995 and from September 14, 1995 and

continuing, this finding is binding and conclusive upon us on appeal.

Claimant's request for an award of attorney's fees and costs pursuant to Code § 65.2-713 is denied. For the reasons stated, we affirm the commission's decision.

_Affirmed._
